UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                        Case # 17-CR-006073-FPG
                                              20-CV-06507-FPG

v.

                                        DECISION AND ORDER

QUINCEY B. FRYE,
                 Defendant.

Before the Court is Defendant Quincey B. Frye's *pro se* letter request seeking (1) to withdraw his habeas petition docketed in Civil Case No. 20-CV-06507; (2) to "amend" the habeas petition and proceed with it as a "motion asking for compassionate release, Home Confinement under the [C.A.R.E.S.] Act," No. 20-CV-6507, ECF No. 5; and (3) a waiver of "all fees," *Id.* The Court addresses Defendant's requests below.

## BACKGROUND

On July 15, 2020, Defendant filed a *pro se* Petition for Writ of Habeas Corpus requesting the Court grant his "28 U.S.C. § 2241 under the C.A.R.E.S. Act program." No. 20-CV-06507, ECF No. 1 at 1. By Order dated July 22, 2020, this Court found that the Western District of New York is an improper venue for Defendant to bring a 28 U.S.C. § 2241 motion "[b]ecause Allenwood Medium Federal Correctional Institution is in the Middle District of Pennsylvania," and all relevant records relating to Defendant's health and confinement are located there. No. 20-CV-06507, ECF No. 2 at 1. The Court therefore ordered the case transferred to the Middle District of Pennsylvania in the interest of justice under 28 U.S.C. § 1406(a).

On July 22, 2020, after the Court entered the transfer order, the Court received Defendant's request for "compassionate release, reduction in sentence or [h]ome [c]onfinement pursuant to the first step act of 2018 and the [C.A.R.E.S.] Act of 2020." No. 20-CV-06507, ECF No. 3 at 1. On

1

July 23, 2020, the Court entered a Text Order directing the Clerk of Court to terminate Defendant's motion, since the action had been transferred, and instructing Defendant that any motion for compassionate release must be filed on his criminal case docket pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* No. 20-CV-06507, ECF No. 4.

On August 10, 2020, Defendant filed a motion for compassionate release in his criminal case. No. 17-CR-6073, ECF No. 88. By Text Order dated August 11, 2020, the Court denied Defendant's motion without prejudice, stating:

> Under [18 U.S.C. § 3582(c)(1)(A)], it is the Bureau of Prisons ("BOP"), not the prisoner, that ordinarily files a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). It is only where the prisoner has exhausted his administrative remedies and the BOP has failed to submit the motion to the district court that he may bring a motion on his own behalf. *See id.* (stating that a prisoner may bring the motion if he has fully exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf or there has been a lapse of 30 days from the receipt of such a request by the warden of his facility). Defendant has not indicated whether he has requested compassionate release from the BOP or prison warden. Accordingly, the Court denies his motion without prejudice. *See generally United States v. Montanez*, No. 15-CR-122, 2020 WL 2183093 (W.D.N.Y. May 5, 2020). Defendant is free to resubmit his motion once he exhausts his administrative remedies.

No. 17-CR-6073, ECF No. 89.

On August 28, 2020, Defendant filed his present letter request seeking to "dismiss" his habeas petition" and proceed with it "as a motion asking for compassionate release." No. 20-CV-06507, ECF No. 5.

## DISCUSSION

### I.     Relief Sought Pursuant to 28 U.S.C. § 2241

As explained above, Defendant's habeas petition has been transferred to the Middle District of Pennsylvania. *See* No. 20-CV-06507, ECF Nos. 2, 4. Therefore, Defendant must direct his request to dismiss the petition to the Middle District of Pennsylvania. Regardless of the status of

that action, Defendant may proceed with his requests pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) on his criminal case docket before this Court.

## II.     Relief Sought Pursuant to 18 U.S.C. § 3582(c)(1)(A)

As the Court previously ordered by Text Order mailed to Defendant on August 11, 2020, Defendant has not indicated whether he has requested compassionate release from the BOP or prison warden. Accordingly, the Court denies his motion without prejudice. *See generally United States v. Montanez*, No. 15-CR-122, 2020 WL 2183093 (W.D.N.Y. May 5, 2020). Defendant is free to resubmit his motion once he exhausts his administrative remedies.

## III.    Fee Waiver Request

Defendant requests a "waiver of all fees." *See* No. 20-CV-06507, ECF No. 5. Because there will be no fees should Defendant resubmit his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), his fee waiver request is DENIED AS MOOT.

## CONCLUSION

For the reasons stated above, (1) Defendant's request to dismiss his civil case brought under 28 U.S.C. § 2241 is DENIED; (2) Defendant's request to "amend and proceed as a motion for compassionate release" is GRANTED insofar as the Court previously denied his compassionate release motion without prejudice, so Defendant may refile such a motion on his criminal case docket once he exhausts his administrative remedies, per the Court's August 11, 2020 Text Order, No. 17-CR-06073, ECF No. 89; and, (3) Defendant's requests for a waiver of all fees is DENIED AS MOOT as there is no cost to Defendant for filing a compassionate release motion.

IT IS SO ORDERED.

Dated: September 8, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court